IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ERIC ORTIZ, Individually and on Behalf Of All Others Similarly Situated,<br>　　　　Plaintiff,<br><br>v.<br><br>MINSK HOSPITALITY MANAGEMENT, LLC, AMARILLO HOSPITALITY GROUP, LLC, and JIJU THOMAS VITHAYATHIL,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 2:23-cv-00040-Z-BQ<br>§<br>§<br>§<br>§ |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Minsk Hospitality Management, LLC ("Minsk Hospitality"), Amarillo Hospitality Group, LLC ("Amarillo Hospitality"), and Jiju Thomas Vithayathil ("Vithayathil") (collectively, "Defendants") Answer Plaintiff's Complaint (the "Complaint") filed by Plaintiff Eric Ortiz ("Plaintiff") and allege as follows:

### I.　　PRELIMINARY STATEMENTS

1.　　Defendants admit that by this action, Plaintiff is seeking recovery of wages, along with attorney's fees and other damages, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") but Defendants deny Plaintiff is entitled to any such relief or recovery. Defendants deny all remaining allegations contained in Paragraph 1 of the Complaint.

2.　　Defendants admit that by this action, Plaintiff is seeking recovery of wages, along with attorney's fees and other damages, for alleged violations of the FLSA, but Defendants deny that Plaintiff is entitled to any remedy or relief against Defendants. Defendants deny all remaining allegations contained in Paragraph 2 of the Complaint.

3.　　Defendants deny that they violated any provision of the FLSA and deny all remaining allegations contained in Paragraph 3 of the Complaint.

## II.   JURISDICTION AND VENUE

4. Defendants admit that the Complaint alleges claims under the FLSA, and that this Court has subject matter jurisdiction over those claims. Defendants specifically deny that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Defendants. Defendants deny all remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit that venue of this action is proper in this Court. To the extent that Paragraph 4 contains legal conclusions, Defendants are not required to answer. Defendants deny all remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that venue of this action is proper in this Court. To the extent that Paragraph 7 contains legal conclusions, Defendants are not required to answer. Defendants deny all remaining allegations contained in Paragraph 7 of the Complaint.

## III.   PARTIES

8. Defendants are without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, deny all remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint with regard to Extend A Suites. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

## IV.   FACTUAL ALLEGATIONS

15. Defendants deny all allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny all allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny all allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit that Vithayathil was involved in the management of Plaintiff's work at the hotel. Defendants deny all remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit that Vithayathil was involved in the management of Plaintiff's work at the hotel in Amarillo. Defendants deny all remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit that Minsk Hospitality employs two or more individuals who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce. Defendants deny all remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit that Minsk Hospitality had more than $500,000 in revenue in 2020. Defendants deny all remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendants admits that Minsk Hospitality and Vithayathil participated in the management of Plaintiff's work to some degree. Defendants deny all remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants admits that Minsk Hospitality and Vithayathil participated in the management of Plaintiff's work and others employed at the hotel in Amarillo to some degree. Defendants deny all remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. To the extent that Paragraph 27 contains legal conclusions, Defendants are not required to answer. Defendants admit that Minsk Hospitality is an employer as defined by the FLSA. Defendants deny all remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint as to Minsk Hospitality. Defendant deny these allegations as to Amarillo Hospitality and Vithayathil.

29. Defendants admit that Plaintiff was employed by Minsk Hospitality as a Corporate Manager from November 2021 until September 2022. Defendants deny all remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit Plaintiff was exempt from the overtime requirements of the FLSA and received a salary and bonuses as part of his compensation. Defendants deny all remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit that Minsk Hospitality and Vithayathil participated in the management of Plaintiff's work to some degree. Defendants deny all remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit only that Plaintiff received, at certain times, compensation from Minsk Hospitality as an exempt employee. Defendants deny all remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny all allegations contained in Paragraph 33 of the Complaint.

34. Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny all allegations contained in Paragraph 35 of the Complaint.

36. Defendants admit Plaintiff may have occasionally worked more than 40 hours per week as an employee of Minsk Hospitality. Defendants deny all remaining allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit other salaried exempt employees of Defendants may have occasionally worked more than 40 hours per week. Defendants deny all remaining allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny all allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny all allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit that Plaintiff reported his hours worked as an employee of Minsk Hospitality. Defendants deny all remaining allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants admit that Plaintiff reported his hours worked as an employee of Minsk Hospitality. Defendants deny all remaining allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny that Plaintiff was a non-exempt employee of any of the Defendants under the FLSA and deny all allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny all allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny that they have committed any violation of the FLSA with regard to Plaintiff and deny all allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny all allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny all allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny all allegations contained in Paragraph 48 of the Complaint.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

49. Defendants admit that by this action, Plaintiff purports to bring their claims under the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), but Defendants deny that Plaintiff or any other alleged similarly situated persons are entitled to any remedy or relief against Defendants.  Defendants deny all remaining allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny Plaintiff's purported collective action is appropriate or lawful under the FLSA and deny all remaining allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny that Plaintiff has filed any written Consents in this action. Defendants are without sufficient information regarding what documents Plaintiff may or may not file in the future, and accordingly, Defendants deny this and all remaining allegations contained in Paragraph 51 of the Complaint.

52. To the extent that Paragraph 52 contains legal conclusions, Defendants are not required to answer.  To the extent that a response is required, Defendants deny all allegations contained in Paragraph 52 of the Complaint.

53. To the extent that Paragraph 53 contains legal conclusions, Defendants are not required to answer.  To the extent that a response is required, Defendants specifically deny that any other employees of Defendants were "similarly situated"' to Plaintiff, and Defendants deny all remaining allegations contained in Paragraph 53 of the Complaint.

54. Defendants are unable to admit or deny Plaintiff's beliefs and accordingly, deny all allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny all allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny all allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny all allegations contained in Paragraph 57 of the Complaint.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim For Violation of the FLSA

58.   Defendants admit that by this action, Plaintiff is seeking recovery of wages, along with attorney's fees and other damages, for alleged violations of the FLSA, but Defendants deny that Plaintiff is entitled to any remedy or relief against Defendants.  Defendants deny all remaining allegations contained in Paragraph 58 of the Complaint.

59.   To the extent that Paragraph 59 contains legal conclusions, Defendants are not required to answer.  Defendants deny all remaining allegations contained in Paragraph 59 of the Complaint.

60.   To the extent that Paragraph 60 contains legal conclusions, Defendants are not required to answer.  Defendants deny all remaining allegations contained in Paragraph 60 of the Complaint.

61.   Defendants deny all allegations contained in Paragraph 61 of the Complaint.

62.   Defendants admit Plaintiff was, at certain times, an exempt employee of Minsk Hospitality.  Defendants deny all remaining allegations contained in Paragraph 62 of the Complaint.

63.   Defendants deny that they have committed any violation of the FLSA with regard to Plaintiff and deny all allegations contained in Paragraph 63 of the Complaint.

64.   Defendants deny that they have committed any violation of the FLSA with regard to Plaintiff and deny all allegations contained in Paragraph 64 of the Complaint.

65.   Defendants deny all allegations contained in Paragraph 65 of the Complaint.

66.   Defendants deny all allegations contained in Paragraph 66 of the Complaint.

67.   Defendants deny all allegations contained in Paragraph 67 of the Complaint.

## VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim For Violation of the FLSA)

68. Defendants admit that by this action, Plaintiff is seeking recovery of wages, along with attorney's fees and other damages, for alleged violations of the FLSA, but Defendants deny that Plaintiff is entitled to any remedy or relief against Defendants. Defendants deny all remaining allegations contained in Paragraph 68 of the Complaint.

69. To the extent that Paragraph 69 contains legal conclusions, Defendants are not required to answer. Defendants deny all remaining allegations contained in Paragraph 69 of the Complaint.

70. To the extent that Paragraph 70 contains legal conclusions, Defendants are not required to answer. Defendants deny all remaining allegations contained in Paragraph 70 of the Complaint.

71. Defendants specifically deny that any other employees of Defendants were "similarly situated"' to Plaintiff and deny all allegations contained in Paragraph 71 of the Complaint.

72. Defendants admit Plaintiff was, at certain times, an exempt employee of Minsk Hospitality. Defendants specifically deny that any other employees of Defendants were "similarly situated"' to Plaintiff and deny all remaining allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny that they have committed any violation of the FLSA with regard to Plaintiff, deny that any other employees of Defendants were "similarly situated"' to Plaintiff, and deny all allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny that they have committed any violation of the FLSA with regard to Plaintiff and deny all allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny that they have committed any violation of the FLSA with regard to Plaintiff and deny all allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny all allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny all allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny all allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-F thereunder and deny Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Defendants deny all allegations contained in the Complaint not specifically admitted herein.

## VIII. AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA")

3. At all times, Defendants acted in good faith and had reasonable grounds to believe their actions were in compliance with and/or not in violation of the FLSA; therefore, liquidated damages should be denied or reduced under 29 U.S.C. § 260. Plaintiff and the individuals Plaintiff seeks to represent are not entitled to liquidated damages because Defendants did not act or fail to act in a manner sufficient to give rise to liquidated damages liability.

4. The Complaint and all claims contained therein are barred, in whole or in part, by the two-year statute of limitations period. Plaintiff and those individuals Plaintiff seeks to represent are not entitled to an extension of the statute of limitations because Defendants did not act willfully

nor show reckless regard for whether their conduct was prohibited by the FLSA.

5. Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

6. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

7. Plaintiff and the individuals Plaintiff seeks to represent were employees who were exempt from overtime pay requirements.

8. Without assuming the burden of proof, in the event it is found the Plaintiff or any of the individuals Plaintiff seeks to represent were non-exempt employees of any Defendant:

   a. Plaintiff and the individuals Plaintiff seeks to represent were compensated for all hours "worked" in excess of 40 hours in any particular workweek at a rate not less than that set forth by the overtime provisions of the FLSA;

   b. This action is barred to the extent Plaintiff and the individuals Plaintiff seeks to represent seek recovery for time that is not compensable time, i.e., "hours worked", under the FLSA;.

   c. All or part of the time for which Plaintiff and the individuals Plaintiff seeks to represent seek compensation for alleged unpaid overtime hours does not constitute compensable time for purposes of the FLSA; and

   d. All or part of the time for which Plaintiff and the individuals Plaintiff seeks to represent seeks compensation is non-compensable under the Portal-to-Portal Act, 29 U.S.C. 254.

9. In the alternative and in the event the Plaintiff or the individuals Plaintiff seeks to represent are found to be non-exempt employees of any Defendant and without assuming the

burden of proof, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff and the individuals Plaintiff seeks to represent by Defendants for periods in which Plaintiff and the individuals Plaintiff seeks to represent were not engaged to work, and to the extent that Plaintiff was overpaid during any applicable pay period.

10. Plaintiff's action is barred because Plaintiff seeks to recover for time that is *de minimus* work time and thus not compensable under the FLSA.

11. Plaintiff and the individuals Plaintiff seeks to represent failed to mitigate their alleged damages.

12. In the event Plaintiff or the individuals Plaintiff seeks to represent are found to be non-exempt employees of any Defendant and without assuming the burden of proof, the Complaint, and each cause of action thereof, is barred – or the damages flowing therefrom reduced – under the doctrine of avoidable consequences because Plaintiff and the individuals Plaintiff seeks to represent failed to comply with Defendants' timekeeping policies and/or notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

13. In the event the Plaintiff or the individuals Plaintiff seeks to represent are found to be non-exempt employees of any Defendant and without assuming the burden of proof, Plaintiff and the individuals Plaintiff seeks to represent were compensated based on the activities, circumstances and amount of time that Plaintiff and the individuals Plaintiff seeks to represent reported to Defendants, as such information was reasonably understood by Defendants. If Defendants misinterpreted or misunderstood any of the information that Plaintiff and the individuals Plaintiff seeks to represent reported, or otherwise made a clerical error while processing the information that Plaintiff and the individuals Plaintiff seeks to represent reported

for purposes of payroll, Plaintiff and the individuals Plaintiff seeks to represent had an affirmative and implied duty and obligation to report the same to Defendants, including on a timely basis.

14. Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

15. The alleged time for which Plaintiff and the individuals Plaintiff seeks to represent seek compensation is irregular as well as practically and administratively difficult to record.

16. The damages claimed by Plaintiff and the individuals Plaintiff seeks to represent are barred to the extent they are speculative in nature.

17. Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent are barred, in whole or in part, by the doctrines of accord and satisfaction, justification, consent, ratification, acquiescence, settlement, payment and/or release.

18. To the extent that Plaintiff or the individuals Plaintiff seeks to represent seek punitive or additional damages, recovery is limited by applicable provisions of the FLSA and the Texas and/or United States Constitutions. Defendants did not act or fail to act in a manner sufficient to give rise to punitive damages liability and any award of punitive damages would violate the FLSA and constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of Texas.

19. All or part of Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent are barred to the extent they seek compensation for activities that are considered non-compensable under the Portal-to-Portal Act.

20. Without assuming the burden of proof, Plaintiff was not an employee of Vithayathil or Amarillo Hospitality under the FLSA.

21. Plaintiff cannot establish or satisfy the requirements for a collective action under the FLSA.

22.     The types of claims alleged Plaintiff on behalf of himself and those he seeks to represent are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment.

23.     Without assuming the burden of proof, Plaintiff and the members of the purported collective action are not similarly situated. The potential claims of the purported members of the collective action reflect variability; there is no demonstrated similarity among Plaintiff and the members of the purported collective action; and there is no uniform pay practice or policy applied to them by any Defendant.

24.     The proposed class cannot be certified, because even if Defendants violated the FLSA, it did not do so pursuant to a uniform policy or plan.

25.     Liability, if any, to each member of any alleged class or collective group which Plaintiff purports to represent cannot be determined by a single trier of fact on a collective or group-wide basis. Allowing this action to proceed as a collective action would violate Defendants' rights under the Seventh and Fourteenth Amendments to the United States Constitution.

26.     Defendants reserve the right to assert additional defenses as they become known or available during the pendency of this litigation.

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, which may now exist or in the future may be available based on the discovery and further factual investigation in this case.

## **PRAYER**

Defendants request that the Court:

1. Enter judgment that Plaintiff recover nothing by this action;

2. Award attorneys' fees and costs to Defendants;

3. Award Defendants such other and further relief to which they may show themselves entitled.

Dated this 17th day of July 2023.

        Respectfully submitted,

        **SPROUSE SHRADER SMITH PLLC**
        701 S. Taylor, Suite 500 (79101)
        P.O. Box 15008
        Amarillo, TX 79105-5008
        Main: (806) 468-3300
        Fax: (806) 373-3454

**BY:** /s/ Iwana Rademaekers
        Iwana Rademaekers
        State Bar of Texas No. 16452560
        Email: iwana.rademaekers@sprouselaw.com

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

    Colby Qualls, Esq.
    Email: colby@sanfordlawfirm.com

    Josh Sanford, Esq.
    Email: josh@sanfordlawfirm.com

| July 17, 2023 | /s/ Iwana Rademaekers |
|---|---|
| Date | Iwana Rademaekers |