IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERIC ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:23-CV-040-Z-BQ |
| | § | |
| MINSK HOSPITALITY | § | |
| MANAGEMENT, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER TO SUBMIT JOINT PROPOSED SCHEDULING ORDER

**\* Joint Proposed Scheduling Order Due Date:  August 24, 2023\***

This Order is entered to facilitate entry of a Scheduling Order pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Northern District's Civil Justice Expense and Delay Reduction Plan (the "Plan").  This Order also contains preliminary information intended to help the parties comply with applicable rules and procedures.  The Federal Rules of Civil Procedure and the local civil rules in effect on the date of this Order, together with amendments to these rules that take effect while this case is pending, apply to this case.

### I.   DUE DATE FOR JOINT PROPOSED SCHEDULING ORDER

If this case is not settled or otherwise resolved **before August 24, 2023**, the "Joint Proposed Scheduling Order Due Date," then the parties must submit a Joint Proposed Scheduling Order that contains the matters set out in Section V. below.  Because of the Court's Rule 16(b)(2) deadline for issuing a Scheduling Order, any request for an extension of the Joint Proposed Scheduling Order Due Date must be made by written motion and be supported by good cause.  **The Joint Proposed Scheduling Order must be filed with the Clerk's Office.**

### II.   INITIAL DISCLOSURE REQUIREMENTS AND OBJECTION PROCEDURE

The initial disclosure requirements of FED. R. CIV. P. 26(a)(1) apply to this case unless Rule 26(a)(1)(B) exempts disclosure or the parties stipulate otherwise.  If, during the Rule 26(f) conference process, a party objects that initial disclosures are not appropriate and states the objection in the Joint Proposed Scheduling Order, *see* Rule 26(a)(1)(C), the party must file a separate letter with the proposed order that alerts the Court to the fact that the objection has been made.

### III. RULE 26(f) DISCOVERY PLANNING CONFERENCE

<u>No later than four (4) business days before the Joint Proposed Scheduling Order Due Date</u>, lead counsel for each party (or a designee attorney with appropriate authority), and any party proceeding pro se, shall meaningfully confer on each of the matters specified in Rule 26(f)(2) and this order. The Rule 26(f) conference may be conducted in person, telephonically, by email, fax or mail, or by other means that will successfully result in a Joint Proposed Scheduling Order and accomplish the conference requirement.

### IV. SCHEDULING ORDERS ENTERED BEFORE ALL PARTIES APPEAR

Under Federal Rule of Civil Procedure 16, a "judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." FED. R. CIV. P. 16(b)(2). The time within which the Court must issue a scheduling order is based on the appearance of or service on *any* defendant. In a multi-defendant case, if the Court enters an order relating to scheduling under Rule 16 before all defendants are served or appear, plaintiff(s) or plaintiff's counsel shall provide all later-appearing defendants a copy of such order(s) by the most effective means available.

### V. CONTENTS OF JOINT PROPOSED SCHEDULING ORDER

If the parties disagree about a particular proposal, they must provide their respective recommendations and explain their disagreement. The parties shall submit their proposals in the form of a pleading rather than as an order for the Court to sign. Unless a scheduling conference is set, the Court will enter its own Scheduling Order after reviewing the Joint Scheduling Proposal. If a party fails to participate in the proposal process, the Court will enter a Scheduling Order without that party's input.

Proposed deadlines and dates shall be submitted in the form of dates certain (e.g., December 11, 2020," and not "120 days before trial"). Parties shall not submit proposed deadlines and dates by describing the desired amount of time between deadlines or between a deadline and trial-related date.

A. *Required Contents.*

The Joint Proposed Scheduling Order **must** contain:

1. a brief statement of the nature of the case, including the contentions of the parties;

2. any challenge to jurisdiction or venue;

3. a statement as to the likelihood that other parties will be joined;

4. proposed time deadlines:

   a. to join other parties;
   b. for parties seeking affirmative relief to designate expert witnesses;
   c. for parties seeking affirmative relief to make the expert disclosures required by Rule 26(a)(2);
   d. for parties opposing affirmative relief to designate expert witnesses;
   e. for parties opposing affirmative relief to make the expert disclosures required by Rule 26(a)(2);
   f. for all parties to designate rebuttal expert witnesses;
   g. to object to experts (*i.e., Daubert* and similar motions);
   h. to amend the pleadings;
   i. to mediate the case;
   j. to complete discovery;
   k. to file dispositive motions, including motions for summary judgment;
   l. to file all other motions except motions in limine; and
   m. for filing Rule 26(a)(3) disclosures.

5. the parties' views and proposals on each of the matters listed in Rule 26(f)(3)(A)–(F), listed under six separate subheadings corresponding with the above-listed subsections of Rule 26;

6. under separate headings, the parties shall include:

   a. a statement as to whether <u>all</u> parties consent to have the Magistrate Judge conduct <u>all</u> proceedings in this case, including jury or nonjury trial and entry of judgment, pursuant to 28 U.S.C. § 636(c);

   If all parties consent, they must either file the appropriate consent form in this case or indicate in the Joint Proposed Scheduling Order that they so consent. If consent is indicated in the Joint Proposed Scheduling Order, the Order shall list each consenting party's name and each consenting party's counsel's name in the following format:

   (1) Party name: _____   Attorney: _____
   (2) Party name: _____   Attorney: _____

   **Unless all parties consent, the statement should not identify the parties who do not consent**;

   b. the current status of settlement negotiations, and a statement as to whether and when it is advisable to refer the case for alternative dispute resolution (*see* Plan § III) or conduct a court-supervised settlement conference;

   c. a "**proposed trial date**" <u>if</u> the parties have consented to the Magistrate Judge conducting <u>all</u> proceedings in this matter per paragraph 6.a. above. If the parties have not so consented, then include a "**ready for trial date**" the District Judge may consider as instructive <u>when setting this case for trial on his/her docket</u>. Under this heading, also provide an estimate of the number of trial days and indicate whether a jury has been demanded;

3

      d. if a party is required under N.D. TEX. LOCAL CIV. R. 83.10(a) to have local counsel, the date local counsel entered an appearance or that the party moved for leave to proceed without local counsel; and

      e. the date a certificate of interested persons required under N.D. TEX. LOCAL CIV. R. 3.1(c), 3.2(e), 7.4, or 81.1(a)(4)(D) was filed by a party or the party adopted another party's certificate of interested persons.

7. any other information the parties believe may help the Court in setting a schedule for the case.

B. *Permitted Contents.*

The Joint Proposed Scheduling Order **may** contain:

1. proposed modifications of the timing of disclosures under Rule 26(a) and Rule 26(e)(1);

2. proposed modifications of the extent of discovery otherwise permitted under the Rules;

3. proposals for disclosure, discovery, or preservation of electronically stored information;

4. any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under FED. R. EVID. 502;

5. a proposed procedure for requiring that, before moving for an order relating to discovery, the movant must request a conference with the Magistrate Judge;

6. proposed dates for any pretrial conferences, if needed, for a final pretrial conference, and for trial, keeping in mind that if the parties have not consented to referral to the Magistrate Judge per paragraph 6.a. above, then the undersigned cannot set the dates referenced in this paragraph; nevertheless, those proposed dates will still be useful to the District Judge in determining a trial schedule for the case; and

7. proposals pertaining to any other appropriate matters.

A scheduling order may be modified "only for good cause" and with the judge's consent. *Shepherd ex rel. Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting FED. R. CIV. P. 16(b)(4)).[1] Requests to extend deadlines in the Scheduling Order shall

---

[1] The Court considers four factors when determining whether good cause exists to modify a scheduling order: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment; (3) potential prejudice if the Court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

address Rule 16 and the factors considered when determining if good cause exists to modify a scheduling order.

**SO ORDERED.**

Dated: July 25, 2023.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE