IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **ERIC ORTIZ, Individually and on Behalf Of All Others Similarly Situated** | **PLAINTIFF** |
| vs.  No. 2:23-cv-00040-Z-BQ | |
| **MINSK HOSPITALITY MANAGEMENT, LLC, AMARILLO HOSPITALITY GROUP, LLC, and JIJU THOMAS VITHAYATHIL** | **DEFENDANTS** |

### JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to the Court's Order dated July 25, 2023, Federal Rule of Civil Procedure 16(b), and Federal Rule of Civil Procedure 26(f), Plaintiff Eric Ortiz ("Plaintiff"), individually and on behalf of all others similarly situated, and Defendants Minsk Hospitality Management, LLC, Amarillo Hospitality Group, LLC, and Jiju Thomas Vithayathil ("Defendants") file this Joint Report Regarding Contents of Scheduling Order.

1. **A brief statement of the nature of the case, including the contention of the parties.**

Plaintiff brought this action individually, and on behalf of all salaried employees of Defendants who received a weekly salary of less than $684, or less than $1,368 bi-weekly, in any week within the past three years, to recover wages, along with attorney's fees and other damages, from Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA). Specifically, Plaintiff has alleged Defendants misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA. Defendants deny that they violated any provision of the FLSA and deny Plaintiff is entitled to any such relief or recovery.

**2.     Any challenge to jurisdiction or venue.**

None.

**3.     A statement as to the likelihood that other parties will be joined.**

Plaintiff anticipates moving for certification as a collective action. The need for other joinder or amendment to pleadings is unknown at this time, but possible.

**4.     The Parties propose the following deadlines:**

**a. Deadline to file motions for leave to join other parties.**

The parties estimate an initial period of 75 days will be needed for limited scope collective action discovery pursuant to *Swales v. KLLM Transp. Servs.*, 985 F.3d 420 (5th Cir. 2021) prior to Plaintiff seeking collective action certification. For that reason, the parties propose a deadline of December 6, 2023, to join any other parties and for Plaintiff to move for class certification.

**b. Deadline for parties seeking affirmative relief to designate expert witnesses.**

The parties propose a deadline of October 31, 2023, for Plaintiff to designate expert witnesses.

**c. Deadline for parties seeking affirmative relief to make the expert disclosures required by Rule 26(a)(2).**

The parties propose a deadline of October 31, 2023, for Plaintiff to make expert witness disclosures.

**d. Deadline for parties opposing affirmative relief to designate expert witnesses.**

The parties propose a deadline of December 13, 2023, for Defendants to designate expert witnesses.

**e. Deadline for parties opposing affirmative relief to make the expert disclosures required by Rule 26(a)(2).**

The parties propose a deadline of <u>December 13, 2023</u>, for Defendants to make expert witness disclosures.

**f. Deadline for all parties to designate a rebuttal expert witness.**

The parties propose that all designations of rebuttal experts shall be filed within 14 days of receipt of the report of the opposing expert.

**g. Deadline for all parties to object to experts.**

The parties propose that all objections to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within 30 days of receipt of the written report of the expert's proposed testimony, or within 30 days of the expert's deposition, if a deposition is taken, whichever is later.

**h. Deadline to amend the pleadings.**

The parties propose a deadline of <u>December 6, 2023</u>, to amend the pleadings.

**i. Deadline to mediate case.**

The parties propose a deadline of <u>June 28, 2024</u>, to mediate this case.

**j. Deadline to complete discovery.**

The parties estimate an initial period of 75 days will be needed for limited scope collective action discovery pursuant to *Swales v. KLLM Transp. Servs.*, 985 F.3d 420 (5th Cir. 2021) prior to Plaintiff seeking collective action certification, and another 150 days for case development pursuant to the Federal Rules of Civil Procedure after the Court makes a determination on whether to certify the case as an FLSA collective action. The parties propose a deadline of <u>July 31, 2024</u>, to complete discovery.

**k. Deadline to file dispositive motions, including motions for summary judgment.**

The parties propose a deadline of <u>August 30, 2024</u>, to file dispositive motions.

**l. Deadline to file all other motions in limine.**

The parties propose a deadline of <u>October 31, 2024</u>, to file all other motions in limine.

**m. Deadline to file Rule 26(a)(3) disclosures.**

The parties propose a deadline of <u>October 31, 2024</u>, to file Rule 26(a)(3) disclosures.

**5.     Proposed Plan and Schedule for Discovery Pursuant to Rule 26(f)(3)(A)-(F):**

**a. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

The parties will exchange initial disclosures as requested by Rule 26(a) by <u>September 29, 2023</u>, and do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure.

**b. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

The parties believe that discovery will be needed on these subjects: All of the elements of Plaintiff's claims and Defendants' defenses to those claims; issues related to willfulness/intent; damages; and limited scope collective action discovery. The parties estimate an initial period of 75 days will be needed for limited scope collective action discovery pursuant to *Swales v. KLLM Transp. Servs.*, 985 F.3d 420 (5th Cir. 2021) prior to Plaintiff seeking collective action certification, and another 150 days for case

development pursuant to the Federal Rules of Civil Procedure after the Court makes a determination on whether to certify the case as an FLSA collective action.

c. **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

Disclosures or discovery of any such information will be handled in accordance with the Federal Rules of Civil Procedure.

d. **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order:**

The parties do not at this time anticipate any privilege or production issues which will require Court intervention.

e. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case. The parties agree that discovery may be signed by e-signature rather than by hand. The parties agree to produce and deliver paper or electronic copies of any documents which would ordinarily be produced subject to Federal Rules of Civil Procedure 26 or 34.

f. **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None.

**6.     The Parties agree to the following:**

**a. Whether the parties will consent to have the Magistrate Judge conduct all proceedings in this case, including jury or nonjury trial and entry of judgment, pursuant to 28 U.S.C. § 636(c).**

All parties do not consent to have the Magistrate Judge conduct all proceedings in this case.

**b. Status of settlement negotiations.**

The parties have yet to discuss a potential resolution of this matter, though they intend to explore a potential resolution of the issues in dispute in this matter early in this case.

**c. Date this case will be ready for trial, estimated number of days required for trial, and whether a jury has been demanded.**

The case should be ready for a non-jury trial on or after November of 2024 and at this time is expected to take approximately 2-3 days. A jury trial has not been demanded.

**d. Local counsel appearance, pursuant to N.D. Tex. Local Civ. R. 83.10(a).**

Due to Attorney Josh Sanford filing his Unopposed Motion to Withdraw as Counsel on August 8, 2023 (ECF No. 20), it is Plaintiff's position that under Local Rule 83.10 that Plaintiff is not required to hire local counsel because Plaintiff's other counsel maintains their principal office in the Northern District of Texas, though out of an abundance of caution Plaintiff has filed an Unopposed Motion for Relief from Local Counsel Requirement. ECF No. 21.

**e. Certificates of interested persons required under N.D. Tex. Local Civ. R. 3.1(c), 3.2(e), 7.4, or 81.1(a)(3)(D).**

Plaintiff filed the required disclosure on March 14, 2023. Defendants filed the required disclosure on July 17, 2023.

7.     Any other information the parties believe may help the Court in setting a schedule for the case.

    None.

Submitted this 23rd day of August 2023.

    Respectfully submitted,

**PLAINTIFF ERIC ORTIZ, Individually and on Behalf of All Others Similarly Situated**

FORESTER HAYNIE, PLLC
400 North Saint Paul Street, Ste. 700
Dallas, Texas 75201
Telephone: (214) 210-2100
Facsimile: (469) 399-1070

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
cqualls@foresterhaynie.com

Katherine Serrano
Tex. Bar No. 24110764
kserrano@foresterhaynie.com

Matthew McCarley
Tex. Bar No. 24041426
mcmcarley@foresterhaynie.com

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

**and**     **MINSK HOSPITALITY MANAGEMENT, LLC, AMARILLO HOSPITALITY**

GROUP, LLC, and JIJU THOMAS VITHAYATHIL, DEFENDANTS

SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500 (79101)
P.O. Box 15008
Amarillo, TX 79105
Main: (806) 468-3300
Fax: (806) 373-3454

*/s/ Iwana Rademaekers*_____
Iwana Rademaekers
Tex. Bar No. 1645260
Iwana.rademaekers@sprouselaw.com

## CERTIFICATE OF SERVICE

     I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing JOINT REPORT was filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Iwana Rademaekers
Sprouse Shrader Smith PLLC
701 S. Taylor, Suite 500 (79101)
P.O. Box 15008
Amarillo, TX 79105-5008
Main: (806) 468-3300
Fax: (806) 373-3454
Iwana.rademaekers@sprouselaw.com

                                                   */s/ Colby Qualls*_____
                                                   **Colby Qualls**